**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS, NEVADA**

| | | |
|---|---|---|
| TRUSTEES-OPERATING ENGINEERS PENSION TRUST, et al., | ) ) ) | 2:04-CV-0421-ECR (PAL) |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **ORDER** |
| D.S.I. INSPECTIONS, et al., | ) ) | |
| Defendant. | ) ) | |

We now consider Defendant Eugene Scott's ("Defendant" or "Scott") Motion for Summary Judgment (#62), which was filed on September 30, 2005, and which incorporated by reference his prior Motion for Summary Judgment (#45), filed on May 9, 2005. Plaintiffs Trustees of the Operating Engineers Pension Trust, et al., ("Plaintiffs" or "Trustees") filed an opposition (#63) on October 11, 2005, which incorporated by reference their opposition (#46) to the original motion (#45), filed on May 12, 2005. Defendant did not file a reply to either opposition.

**BACKGROUND**

On November 22, 2004, Plaintiffs filed a Second Amended Complaint (#24) alleging that Defendants D.S.I., SIS, and ASI

breached their contract to pay benefits contributions to Plaintiffs' employee benefit trusts. The Complaint (#24) also alleges that Defendant Eugene Scott is so intertwined with Defendants D.S.I., SIS, and ASI, as to be liable for breach of contract under an alter ego theory.

Defendant Scott claims in an affidavit that he is merely an employee of the companies, and not an owner, and has no control over the finances of the companies, and never made contracts on behalf or with D.S.I. Plaintiffs note that discovery had not been completed by the time the motions were filed, but that the limited discovery they had received contradicts Defendant's affidavit by, for example, indicating that Scott had executed a lease on behalf of D.S.I. and had his personal credit card paid by D.S.I.

**DISCUSSION**

**I.   Summary Judgment Standard**

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(b); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). Although Defendant at one point characterizes his motion as seeking a dismissal pursuant to 12(b)(6), his naming the motion as one for summary judgment and his attaching an affidavit as

2

evidence indicate that we should treat the motion as being for summary judgment.

Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists. Nw Motorcycle Ass'n v. United States Dept. of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). The court must view the evidence and the inferences arising therefrom "in the light most favorable to the nonmoving party," Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. Fed. R. Civ. P. 50(a).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form-- namely, depositions, admissions, interrogatory answers, and affidavits--only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary

judgment. Fed. R. Civ. P. 56(c); Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1181 (9th Cir. 1988).

In deciding whether to grant summary judgment, a court must take three necessary steps: (1) it must determine whether a fact is material; (2) it must determine whether there exists a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) it must consider that evidence in light of the appropriate standard of proof. Anderson, 477 U.S. at 248. Summary Judgment is not proper if material factual issues exist for trial. B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). "As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts should not be considered. Id. Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole. Id.

**II.  Alter Ego and Privity of Contract**

Determination of Defendant's alleged status as the alter ego of D.S.I. and, hence, attendant liability for breach of contract claims, requires a factual analysis. See Sheet Metal Workers Int'l Assoc. v. Arizona Mech. & Stainless, Inc., 863 F.2s 647, 652 n.5 (9th Cir. 1988); see also Vargas v. Calif. State Auto Ass'n Inter-

4

1  Insurance Bureau, 788 F. Supp. 462, 464(D. Nev. 1992) (agent of
2  company not liable for breach of contract because not party to
3  contract).
4     Defendant Scott claims that he is simply an employee of
5  D.S.I., was not a signatory to the contract, that there is no
6  privity of contract between himself and Plaintiffs, and thus, he
7  cannot be liable for breach of contract claims.  In support of this
8  argument, Defendant attached an affidavit to his motion describing
9  his lack of control or ownership of D.S.I.  Defendant provided no
10 other evidentiary support for his motion.
11    Plaintiffs respond that discovery was not scheduled to be
12 completed until several months after the motion had been filed,
13 that Defendant had not fully cooperated with discovery at that
14 time, and that the limited discovery that they had obtained
15 contradicted Defendant's affidavit.  We agree with Plaintiffs that
16 Defendant's briefings have failed to demonstrate the absence of
17 genuine issues of material fact regarding his potential role as an
18 alter ego of D.S.I. and his possible privity of contract to
19 Plaintiffs.  We therefore find summary judgment to be an
20 inappropriate remedy at this time.
21    **IT IS, THEREFORE, HEREBY ORDERED** that, as addressed above,
22 Defendant's Motions for Summary Judgment (## 45 & 62) are **DENIED.**
23
24 DATED: This __16th__ day of March, 2006.
25
26                              _Edward C. Reed._
                                _____
                                UNITED STATES DISTRICT JUDGE
27
28                                    5